**IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| THE ESTATE OF JAMES DEAN JANOTA, Deceased,<br><br>Plaintiff,<br><br>v.<br><br>BOARD OF COUNTY COMMISSIONERS OF LOVE COUNTY;<br>LOVE COUNTY SHERIFF'S DEPARTMENT;<br>the TRUSTEES OF THE LOVE COUNTY JUSTICE AUTHORITY;<br>MARTY GRISHAM, FORMER SHERIFF OF LOVE COUNTY, in his official capacity;<br>LOVE COUNTY SHERIFF'S DEPARTMENT JOHN DOES 1–10;<br>LOVE COUNTY JUSTICE AUTHORITY JOHN DOES 1–10;<br>MERCY HOSPITAL ARDMORE, INC, and LOVE COUNTY HEALTH CENTER FOUNDATION OF LOVE COUNTY OKLAHOMA, dba MERCY HEALTH–LOVE COUNTY EMS,<br><br>Defendants. | Case No. CIV-24-326-JAR<br><br>JURY TRIAL DEMANDED |

**COMPLAINT**

COMES NOW, the Estate of James Dean Janota, Deceased, and for its causes of action against the above-named Defendants, alleges and states as follows:

**PRELIMINARY STATEMENT**

1. Plaintiff seeks actual, consequential, and punitive damages in excess of one hundred twenty-five thousand dollars ($125,000.00), attorney's fees and costs, and

allowable statutory interest, and for such other further relief this Court deems just, equitable and proper.

## PARTIES

2. A probate was commenced for Decedent, James Dean Janota's ("Mr. Janota"), Estate in the District Court of Love County, State of Oklahoma, Case No. PB-2022-45 on October 5, 2022.

3. The District Court of Love County appointed Margueritta Marie Campbell, Decedent's mother, as Personal Representative (hereinafter "Personal Representative") and issued Letters of Administration on November 3, 2022.

4. Mr. Janota was the father of three (3) minor children, A.J., Z.J., and X.J.

5. The Board of County Commissioners of Love County (hereinafter "BOCC") is located in Love County, State of Oklahoma.

6. The Love County Sheriff's Department (hereinafter "Sheriff's Department") is located in Love County, State of Oklahoma.

7. The Trustees of the Love County Justice Authority (hereinafter "Justice Authority") are located in Love County, State of Oklahoma.

8. Defendant, Marty Grisham, Deceased (hereinafter "Former Sheriff Grisham"), was, at all material times herein, the Sheriff of Love County, Oklahoma. Former Sheriff Grisham is sued purely in his official capacity and not in his individual capacity.

9. Defendants, Love County Sheriff's Department John Does, were, at all material times, employed by, agents of, or otherwise acting on behalf of the Sheriff's Department and Former Sheriff Grisham.

10. For purposes of this Complaint, the above-identified Defendants shall be collectively referred to the "County Defendants."

11. Defendants, Love County Justice Authority John Does, were, at all material times, employed by, agents of, or otherwise acting on behalf of the Justice Authority.

12. Defendant, Mercy Hospital Ardmore, Inc. (hereinafter "Mercy Ardmore"), is a Domestic Not For Profit Corporation having a registered agent located in Oklahoma County, Oklahoma.

13. Defendant, Love County Health Center Foundation of Love County Oklahoma dba Mercy Health–Love County EMS (hereinafter "Love County EMS") is a Domestic Not For Profit Corporation having a registered agent located in Love County, Oklahoma.

## **JURISDICTION AND VENUE**

14. Personal Representative is a citizen of the State of Oklahoma.

15. Mr. Janota's Estate is located in the State of Oklahoma.

16. At all material times herein the individual law enforcement officers and jailers involved in this occurrence were employees, agents, or acting on behalf of County Defendants.

17. This action arises out of conduct which occurred in Love County, State of Oklahoma, and Carter County, State of Oklahoma.

18. Plaintiff provided notice to County Defendants and complied with all requirements under the Oklahoma Governmental Tort Claims Act, 51 O.S. §§ 151 *et seq*.

19. On February 8, 2024, Plaintiff dismissed a petition before the District Court of Love County, State of Oklahoma, involving the underlying facts described herein without prejudice to the refiling. Accordingly, this Complaint is timely filed pursuant to 12 O.S. § 100.

20. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331, as Plaintiff's claims herein arise in-part under the United States Constitution and the law and treatise of the United States. Pursuant to 28 U.S.C. § 1367(a) this Court has supplemental jurisdiction over Plaintiff's other claims.

21. Pursuant to 28 U.S.C. § 1391(b), venue is proper in this district because all Defendants are located and operate within either Love County, Oklahoma or Carter County, Oklahoma, and because a substantial part of the acts or omissions giving rise to this action occurred in Love County, Oklahoma, and Carter County, Oklahoma, which are both located in this district. *See* 28 U.S.C. § 116(b).

## **FACTUAL ALLEGATIONS**

22. On or about the evening of December 3, 2021, the Sheriff's Department responded to a domestic dispute in Love County, State of Oklahoma.

23. Upon arrival of Sheriff's Department's officers, Mr. Janota was visibly intoxicated.

24. Mr. Janota was taken into custody by Sheriff's Department.

25. Sheriff's Department took Mr. Janota to the Love County Justice Center.

26. Upon his admission to the Love County Justice Center, Mr. Janota, and his mother, Personal Representative, via telephone, made Sheriff's Department and the employees of the Sheriff's Department and the Justice Authority aware that Mr. Janota suffered from severe alcoholism and put the same on notice of the likelihood of Mr. Janota suffering from withdrawal and potential seizures while in Defendants' care.

27. While in Sheriff's Department and Justice Authority's care and custody, Mr. Janota did, in fact, suffer from withdrawal symptoms and subsequently suffered a traumatic head injury as a result of these symptoms and his altered physical and mental state.

28. Directly following his head injury, Mr. Janota was taken in an ambulance by Love County EMS to Mercy Ardmore's emergency department.

29. While on the ambulance ride, Mr. Janota suffered a seizure.

30. Despite Mr. Janota's rapidly declining status, Love County EMS only traveled at a "Level 2" which does not involve the use of lights or sirens.

31. Love County EMS' failure to treat Mr. Janota's condition with urgency, despite his active seizures, was not discovered by Personal Representative until she obtained Mr. Janota's records from Love County EMS on or about April 22, 2024.

32. Upon arrival at Mercy Ardmore, Mr. Janota was suffering from dangerously high blood pressure and tachycardia.

33. Despite Mr. Janota's dangerously high blood pressure and tachycardia, Mercy Ardmore did not timely order a STAT head CT scan which would have identified the severity of the hemorrhaging actively occurring in Mr. Janota's brain.

34. Mr. Janota remained tachycardic and in a state of maintained high blood pressure for the entire four (4) hours he was at Mercy Ardmore.

35. Mercy also failed to notice and diagnose abrasions on Mr. Janota's extremities which are indicative of severe brain injury.

36. Mercy's acts and omissions in treating and failing to diagnose Mr. Janota were not discovered by Personal Representative until she obtained Mr. Janota's records from Mercy on or about July 1, 2024.

37. Mr. Janota was then taken by ambulance to OU Medical Center.

38. In the early morning hours of December 4, 2021, while at OU Medical Center, Mr. Janota passed away from his injuries which he suffered while in Defendants' care and custody, under Defendants' supervision, and as a result of Defendants' acts and omissions.

## THEORIES OF RECOVERY

### COUNT 1: NEGLIGENCE (AGAINST COUNTY DEFENDANTS)

Plaintiff re-alleges and incorporates, as if fully set forth herein, the other allegations of this Petition and further alleges:

39. County Defendants, through their sheriffs, deputies, jailors, staff, employees, and/or agents owe a duty to provide adequate medical care to those in their custody, including Mr. Janota.

40. County Defendants owe a duty to create and carry out adequate policies and procedures for the medical assessment, treatment, and supervision of individuals in their custody, including Mr. Janota.

41. County Defendants through their sheriffs, deputies, jailors, staff, employees, and/or agents owe a duty to act in such a way as not to needlessly, negligently, recklessly, and/or willfully endanger the safety of others, including Mr. Janota.

42. County Defendants knew or should have known that serious injury and/or death would occur if Mr. Janota's medical needs were not adequately assessed upon admission to the Love County Justice Center.

43. County Defendants knew or should have known that serious injury and/or death would occur if Mr. Janota was not provided timely and adequate medical care.

44. County Defendants knew or should have known that serious injury and/or death would occur if Mr. Janota was not adequately supervised and his ongoing medical need evaluated.

45. Section 52 of Title 57 of Oklahoma Statutes provides that County Defendants owe a duty to provide prisoners, such as Mr. Janota, necessary medical care.

46. Oklahoma's Standards for City and County Detention Facilities require County Defendants to develop and implement written policies and procedures for the medical care of their inmates, such as Mr. Janota. Okla. Admin. Code 310:670-5-8.

47. Oklahoma's Standards for City and County Detention Facilities require County Defendants to perform adequate intake screening and medical evaluation of inmates immediately upon admission and identify inmates which may be at risk for medical issues. Okla. Admin. Code 310:670-5-8(2).

48. Oklahoma's Standards for City and County Detention Facilities require County Defendants to frequently observe inmates in their custody which present a risk for medical problems. Okla. Admin. Code 310:670-5-8(2).

49. Oklahoma's Standards for City and County Detention Facilities require County Defendants have a plan for and provide twenty-four (24) hour emergency medical care. Okla. Admin. Code 310:670-5-8(5).

50. Oklahoma's Standards for City and County Detention Facilities require County Defendants to be adequately staffed in order to respond to inmate's medical emergencies. Okla. Admin. Code 310:670-5-3(b)-(c).

51. County Defendants breached their duties to Mr. Janota by, inter alia:

a. Failing to provide adequate medical screening upon Mr. Janota's admission to the Love County Justice Center;

b. Failing to adequately supervise Mr. Janota;

c. Failing to adequately observe Mr. Janota;

d. Failing to timely discover Mr. Janota's injury;

e. Failing to obtain adequate medical care after Mr. Janota's injury was discovered;

f. Failing to meet the requirements of Oklahoma's Standards for City and County Detention Facilities;

g. Failing to have adequate policies in place regarding Mr. Janota's medical evaluation, supervision, and treatment;

h. Failing to adequately carry out their policies regarding the medical evaluation, supervision, and treatment of Mr. Janota;

i. Failing to train their sheriffs, deputies, jailors, staff, employees, and/or agents; and/or

j. Failing to act reasonably regarding Mr. Janota's medical needs while in their custody.

52. The acts and/or omissions of County Defendants' sheriffs, deputies, jailors, staff, employees, and agents were committed within the scope of their employment with said County Defendants and during the course of the performance of their official responsibilities, under the color of laws, statutes, ordinances, regulations, practices, customs and usage of the State of Oklahoma and Love County and utilized the respect and authority granted by state, federal and local law.

53. County Defendants' negligence, as described above, proximately caused Mr. Janota's injuries, severe emotional trauma and distress, pain and suffering and the damages sought by Plaintiff herein in an amount in excess of $125,000.00.

**COUNT 2 – NEGLIGENCE (AGAINST DEFENDANT, MERCY ARDMORE)**

Plaintiff re-alleges and incorporates, as if fully set forth herein, the other allegations of this Petition and further alleges

54. Mercy Ardmore owed a duty to all of its patients, including Mr. Janota, to provide emergency medical services which meet the standard of care.

55. Mercy Ardmore owes the same duties to all of its patients, regardless of that patient's status as an inmate or incarcerated person.

56. Mercy Ardmore failed to exercise reasonable care in its treatment of Mr. Janota by:

a. Failing to perform a STAT head CT scan where Mr. Janota presented with dangerously high blood pressure;

b. Failing to perform a STAT head CT scan where Mr. Janota presented with tachycardia;

c. Failing to perform a STAT head CT scan where Mr. Janota's underlying injury was a fall;

d. Failing to perform a STAT head CT scan where Mr. Janota presented with symptoms of a brain bleed;

e. Failing to diagnose abrasions on Mr. Janota's extremities which were indicative of his condition;

f. Allowing Mr. Janota to remain in a hypertensive and tachycardic condition for over four (4) hours without significant intervention; and

g. Failing to timely diagnose Mr. Janota's brain bleed.

57. Mercy Ardmore's failures amount to a breach of its duties.

58. Plaintiff has suffered damages as a direct and proximate result of Mercy Ardmore's breach of its duties.

59. Mercy Ardmore's acts and omissions in providing emergency medical care to Mr. Janota constitute wanton or reckless disregard for his safety and well-being, as well as a bias based on Mr, Janota's incarcerated status, and are thus subject to a claim for punitive damages.

**COUNT 3 – NEGLIGENCE (AGAINST DEFENDANT, LOVE COUNTY EMS)**

Plaintiff re-alleges and incorporates, as if fully set forth herein, the other allegations of this Petition and further alleges

60. Love County EMS owed a duty to all of its patients, including Mr. Janota, to provide emergency transportation services and medical aid which meet the standard of care.

61. Love County EMS owes the same duties to all of its patients, regardless of that patient's status as an inmate or incarcerated person.

62. Love County EMS failed to exercise reasonable care in providing services for Mr. Janota by failing to handle Mr. Janota's critical condition at a level higher than Level 2.

63. Love County EMS' failure amounts to a breach of its duties.

64. Plaintiff has suffered damages as a direct and proximate result of Love County EMS' breach of its duties.

65. Love County EMS' acts and omissions in providing emergency medical services to Mr. Janota constitute wanton or reckless disregard for his safety and well-being, as well as a bias based on Mr, Janota's incarcerated status, and are thus subject to a claim for punitive damages.

**COUNT 4 –VIOLATIONS OF 42 U.S.C. § 1983 AND OKLA. CONST. ART. 2, § 9 (AGAINST COUNTY DEFENDANTS)**

Plaintiff re-alleges and incorporates, as if fully set forth herein, the other allegations of this Petition and further alleges:

66. Under the Eighth Amendment to the United States Constitution and under Article 2, Section 9 of the Oklahoma Constitution, Mr. Janota had the right to be free from cruel and unusual punishments while incarcerated, which includes indifference to a prisoner's medical needs.

67. County Defendants were, at all times material hereto, state actors acting under the color of state law.

68. County Defendants had actual knowledge of Mr. Janota's condition, as they were told by both Mr. Janota and Personal Representative, and thus knew and/or should have known that serious injury or death would occur absent adequate medical care, supervision, and treatment.

69. County Defendants acted with deliberate indifference in violating Mr. Janota's right to be free from cruel and unusual punishment by:

a. Failing to provide adequate medical care for Mr. Janota when County Defendants knew or should have known that he was at risk for serious injury or death;

b. Consciously disregarding the high risk of harm to Mr. Janota from symptoms of alcohol withdrawal after having notice and actual knowledge of the same;

c. Failing to provide adequate medical care after Mr. Janota was injured while in County Defendants' custody;

d. Failing to adequately train and supervise Sherriff's Department's staff and employees, including Sheriff's Department John Does;

e. Failing to adequately train and supervise Justice Authority's staff and employees, including Justice Authority John Does;

f. Failing to create and implement adequate policies and procedures for the medical assessment, treatment, and supervision of individuals in their custody;

70. Mr. Janota suffered damages in an amount in excess of $125,000.00 as a result of County Defendants' acts and omissions.

**COUNT 5 – WRONGFUL DEATH, 12 O.S. § 1053**

Plaintiff re-alleges and incorporates, as if fully set forth herein, the other allegations of this Petition and further alleges:

71. Mr. Janota's death was directly caused by the wrongful acts and omissions of Defendants described herein.

72. Defendants, while engaging in the above-referenced wrongful acts and omissions, acted with the knowledge that death was certain and/or substantially likely to result from such acts and omissions.

73. As a result of Defendants' wrongful acts and omissions, pursuant to 12 O.S. § 1053(B), Plaintiff is entitled to damages in excess of $125,000.00 resulting from Mr. Janota's wrongful death including:

a. Mr. Janota's medical and burial expenses;

b. Mr. Janota's physical pain and anguish;

c. Mr. Janota's mental pain and anguish;

d. The pecuniary loss and loss of financial support and contributions to Mr. Janota's children and parents;

e. The grief of Mr. Janota's children and parents; and

f. Loss of companionship of Mr. Janota's children and parents.

**PRAYER FOR RELIEF**

74. Plaintiff respectfully requests judgment in its favor and against the Defendants as follows:

a. Compensatory damages including Mr. Janota's physical and mental pain and anguish, medical and burial expenses, pecuniary loss and loss of financial support and contributions to Mr. Janota's children and parents, grief of Mr. Janota's children and parents; and loss of companionship of Mr. Janota's children and parents in an amount in excess of $125,000.00;

b. Punitive damages in an amount in excess of 125,000.00;

c. All other damages or relief deemed appropriate by the Court or jury; and

d. Reasonable attorney's fees and costs, pursuant to 12 O.S. § 928; 42 U.S.C. § 1988(b).

Respectfully submitted,

/s/Grant P. Scowden

Patrick H. Lane, OBA #30885
Jordan M. LePage, OBA #32446
Grant P. Scowden, OBA #34277
BALL | MORSE | LOWE
531 Couch Drive, Suite 201
Oklahoma City, OK 73102
Telephone: (405)701-5355
Facsimile: (405)701-2830
plane@bml.law
jlepage@bml.law
gscowden@bml.law
***Attorneys for Plaintiff***

**ATTORNEY LIEN CLAIMED**